EMILY ALLEN ELFRETH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 17552.    Promulgated January 30, 1929.

*Charles S. Baker, Esq.,* and *George R. Jackson, Esq.,* for the petitioner.

*Frank S. Easby-Smith, Esq.,* for the respondent.

148

## OPINION.

ARUNDELL: The position of the petitioner is that the sum of $24,500 paid to her in two installments by her mother and sisters represents an advance on behalf of the estate and that no part of it is taxable prior to the year in which the estate was settled. The respondent is now arguing that the sum represents consideration paid to the petitioner for her agreement to execute a deed of conveyance of the property, and that the whole amount of the consideration paid is

taxable in the year 1920. We are unable to concur in either of these views.

The effect of the transaction was a sale of the petitioner's one-fourth remainder interest in the property subject to a condition subsequent. By the terms of the will, upon the termination of the life estate in the widow, the four children were to receive the property or the money received on any previous sale thereof, one fourth each, and in case any child predeceased the life tenant, his or her share should pass to the issue of such child, or failing of issue, to his or her heirs at law. The negotiations conducted after a request had been made upon the petitioner to consent to the sale of the property, resulted in an agreement whereby she would receive certain payments of money to protect her one-fourth remainder interest in the whole of the property. Pursuant to this agreement, in 1919 she received $15,000, and in 1920, after the sale of the property, she received an additional payment of $9,500.

That the petitioner intended, and did, make a sale of her property right, subject to the condition that she survive her mother, appears evident from the fact that the two payments made to her under the agreement were based, respectively, upon the appraised value and sales price of the property and her proportionate interest therein, and upon the settlement of the estate after the death of Mrs. Allen in March, 1928, the balance in the fund created from the proceeds of the sale was divided equally among petitioner's brother and two sisters.

The petitioner does not question the respondent's valuation of $12,500 upon her remainder interest at the time of its acquisition. Of the whole amount received for her property right, the petitioner was paid $15,000 in 1919 and $9,500 in 1920. The year 1919 is not before us and we are not concerned with the amount paid during that period. The amount paid in 1920 represents profit realized on the sale of property and is taxable in the year of its receipt.

*Judgment will be entered under Rule 50.*